IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>    Petitioner,<br><br>  vs.<br><br>CAPT. BRAGG and the ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | CV-24-9-H-BMM-KLD<br><br>ORDER |

Petitioner Bobby Francis Lowry, a state prisoner proceeding without counsel, filed a Petition for Writ of Habeas Corpus. (Doc. 1.) The petition will be dismissed as unexhausted.

## I. Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should

1

"eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

As explained below, because Lowry's claim is unexhausted, his petition will be dismissed without prejudice.

## II.  Background

Lowry is currently detained at Missoula County Detention Center on pending Montana state charges in the Fourth Judicial District.[1]  Lowry's petition relates to his conviction in the First Judicial District Court, Lewis and Clark County, in 2022. *State v. Lowry*, BDC-2022-131. (Doc. 1 at 2.) Lowry asserts that he is deaf and was not provided a hearing interpreter. Lowry went to trial and was convicted "with no grasp of the case." (Doc. 1 at 8.)

After conviction, but apparently before sentencing, Lowry filed a petition for habeas corpus in the Montana Supreme Court, seeking intervention on the ongoing proceedings. *Lowry v.* Bragg, OP 23-0661 (Mont. Dec. 5, 2023.) The Montana Supreme Court dismissed his petition as premature, because he had not yet filed a direct appeal. The records of the Montana Supreme Court now show that his direct appeal of this conviction is currently pending. *State v. Lowry,* DA 23-0725, (filed Dec. 19, 2023.) Lowry filed his petition in this Court on January 12, 2024.

---

[1] According to the Missoula County Detention Center roster, visited April 1, 2024.

### III. Exhaustion

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad

constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana state courts have not yet considered the claim Lowry attempts to advance. Lowry must present the claim to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claim. *O'Sullivan*, 526 U.S. at 845. Because Lowry has not yet completely exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Lowry to return to this Court if and when he fully exhausts the claim relative to his current custody.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Because Lowry's petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Lowry's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

**DATED** this 4th day of April, 2024.

Brian Morris, Chief District Judge
United States District Court